UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

ANGELO VAZQUEZ-RODRIGUEZ,

                  Defendant.

**DECISION AND ORDER**
12-CR-346S

On October 11, 2013, Defendant Angelo Vazquez-Rodriguez pled guilty to conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. On March 14, 2014, the Court sentenced Vazquez-Rodriguez to a term of 60 months of imprisonment followed by a 4-year term of supervised release. Vazquez-Rodriguez has now completed approximately two years and two months of his supervised release.

On September 14, 2020 Vazquez-Rodriguez moved to terminate the remaining period of his supervised release—just under 2 years—under 18 U.S.C. § 3583 (e)(1). (Docket No. 63.)  He contends that termination of his supervised release period is warranted because he has fully complied with his release conditions—including consistently testing negative for controlled substances—and  because he worked full-time running his barbershop until Covid-19 restrictions forced him to close it temporarily. (Affirmation of MaryBeth Covert, Esq. ("Covert Aff."), Docket No. 63, ¶¶ 10-13.) The probation office does not oppose Vazquez-Rodriguez's request for early termination (Id.

¶ 15), but the government opposes it. (Docket No. 66.)  For the reasons below, Vazquez-Rodriguez's motion is denied.

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release.  See 18 U.S.C. § 3583 (e)(1).  But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a).  Id.  Early termination may be appropriate, for example, to "account for new or unforeseen circumstances," which may include a defendant's exceptionally good behavior, that makes the imposed term of supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). New or changed circumstances, however, are not required.  See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Vazquez-Rodriguez's term of supervised release is not warranted and would not be in the interest of justice.  Vazquez-Rodriguez received a 60-month term of imprisonment for conspiring to possess with intent to distribute, and to distribute, 500 grams or more of cocaine.  His offense conduct involved him conspiring to have approximately 2 kilograms of cocaine delivered to his barbershop. When the DEA executed a search warrant at this barbershop, a scale with cocaine and marijuana drug residue and a firearm were also found. A consent search also revealed a drug ledger and apparent drug packaging.  This is serious criminal conduct indicative of regular

drug-dealing, that warrants the full 4 years of supervised released imposed at sentencing.

The Government notes, and this Court agrees, that there is nothing about being on supervised release that will prevent Vazquez-Rodriguez from returning to barbering upon the lifting of Covid-19 restrictions. (Id. at p. 2.) This Court therefore does not find that Vazquez-Rodriguez's desire to maintain his barbershop presents an extraordinary circumstance warranting an early termination of supervised release.

Finally, whatever success Vazquez-Rodriguez has achieved while on supervision by way of employment and generally good behavior is not enough to warrant termination of supervision.  See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); see also United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not

warranted where a defendant did nothing more than that which he was required to do by law.").

Consequently, in the absence of any compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Vazquez-Rodriguez's criminal conduct, and the continuing interests of deterrence counsel in favor of denying his motion.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 63) is DENIED.

SO ORDERED.


Dated:  October 8, 2020
           Buffalo, New York


                                                              s/William M. Skretny
                                                          WILLIAM M. SKRETNY
                                                          United States District Judge

4